# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO.: 5:09-CV-00172-TBR

**TIMOTHY D. ROUSE, JR.**                                                            **PETITIONER**

**v.**

**ALAN BROWN, Acting Warden**                                         **RESPONDENT**

## MEMORANDUM OPINION

This matter is before the Court on Respondent, Alan Brown's, Motion to Dismiss (Docket #10). Petitioner, Timothy D. Rouse, Jr., has filed a response (Docket #14). This matter is now ripe for adjudication. For the following reasons, Respondent's Motion is GRANTED in part and DENIED in part.

Also before the Court is Petitioner's Motion for Extension of Time (Docket #11). This matter is now ripe for adjudication. This motion is mooted by the filing of Petitioner's response (Docket #14).

Also before the Court is Petitioner's Motion to Appoint Counsel (Docket #12). Respondent has responded (Docket #15). Petitioner has replied (Docket #17). This matter is now ripe for adjudication. For the following reasons, Petitioner's Motion is GRANTED.

Also before the Court is Petitioner's Motion for a Hearing (Docket #13). Respondent has responded (Docket #16). Petitioner has replied (Docket #17). This matter is now ripe for adjudication. For the following reasons, Petitioner's Motion is GRANTED.

## BACKGROUND

Petitioner was indicted on August 24, 2007, by a Graves County Grand Jury for second-degree forgery. Petitioner plead not guilty to the charge. Petitioner alleges while he was awaiting trial and incarcerated at the Kentucky State Penitentiary he was being sexually abused by prison

guards. He states that after several complaints to the warden and local authorities he was told by prison officials the only way he could transfer away from the abuse was by obtaining a disposition of the instant case. Petitioner states he filed a motion to transfer defendant to another institution which was overruled by the circuit court due to the competency issues raised by Petitioner previously.

Petitioner alleges his attorney advised him over the phone that the Commonwealth agreed to recommend a sentence of two years and facilitate his transfer to another prison if he plead guilty. Petitioner also alleges the attorney advised him that if he told the judge of about the offer the Commonwealth would withdraw the offer.

Petitioner changed his not guilty plea on April 7, 2008, and entered a plea of guilty to the charge contained in the indictment. A Motion to Enter Guilty Plea was filed by the Petitioner and signed by both Petitioner and his trial counsel in open court. The Commonwealth's Offer on a Plea of Guilty was attached and set forth that Petitioner would be pleading guilty to second degree forgery and that the Commonwealth would recommend a two year sentence on the charge. No mention was made of Petitioner being transferred to another institution as a condition of the plea.

In the Motion to Enter Guilty Plea, Petitioner acknowledged he was not under the influence of any drugs, alcohol or medication. He also stated he had an opportunity to discuss the case with his attorney and the he thought his attorney was fully informed about his case. Petitioner acknowledge he had fully discussed the charges and possible defenses to them with his attorney and he understood them. Petitioner's constitutional rights were also set forth in the motion and Petitioner noted he understood he was waiving these rights.

In the motion, Petitioner also stated "no one, including my attorney, has promised me any other benefit in return for my guilty plea nor has anyone forced or threatened me to plead 'GUILTY.'"

Additionally, Petitioner's trial counsel indicated in the motion that he was satisfied petitioner was entering his guilty plea knowingly and voluntarily. Counsel also set forth that he had "fully discussed with the Defendant the charges and any possible defenses to them" and he believed that Petitioner fully understood the charges and possible defenses.

Petitioner filed a motion to withdraw his guilty plea pursuant to Ky. RCr 8.10 on April 17, 2008. Petitioner contended he was being sexually abused by prison officials and that he had only plead guilty to obtain relocation to a different prison. Petitioner also contended he did not fully understand his plea agreement due to his counsel's ineffective assistance and he desired hybrid representation for the remainder of the case. However, at the sentencing hearing on April 22, 2008, Petitioner made a pro se motion to withdraw his Ky. RCr 8.10 motion. The circuit court granted this motion and, pursuant to the plea agreement, Petitioner was sentenced to two years imprisonment. Petitioner states that at the April 22, 2008, sentencing the prison guards who sexually abused him were present. Petitioner alleges he feared his life was in even more danger if he stated in open court that he was being abused by the officers who were present and for that reason he withdrew his motion to withdraw his guilty plea resulting in a two year sentence being imposed.

Petitioner thereafter filed a motion to vacate his sentence pursuant to Ky. RCr 11.42. Petitioner again argued his plea was involuntary because it was induced by his fear of being sexually assaulted by prison guards. The circuit court summarized Petitioner's claims stating:

> The current motions before the Court, as stated by the state court, essentially claim that Defendant did not willingly, freely, and voluntarily enter his plea, for he was

> being sexually abused at the prison, and he pled guilty so that he could transfer elsewhere. [Defendant] states further that his counsel would not advise him, that his counsel advised him that the sentence in this action would run concurrently, and that his counsel was ineffective. The Defendant also states that he wanted hybrid representation, and that he was incompetent to stand trial.

The circuit court found these claims lacked merit.

Petitioner also filed a motion to alter, amend or vacate his sentence pursuant to Ky. RCr 60.02. Petitioner raised the same issues as in his Ky. RCr 11.42 motion. The circuit court denied Petitioners Ky. RCr 60.02 motion as well.

Petitioner appealed the denial of his Ky. RCr 11.42 motion to the Kentucky Court of Appeals. The court of appeals affirmed the circuit court's order denying the motion.

Petitioner filed the present petition for habeas relief on September 24, 2009. Respondent now moves this Court to dismiss Petitioner's petition.

## STANDARD

The purpose of the writ of habeas corpus is "to ensure that individuals are not imprisoned in violation of the Constitution-not to correct errors of fact." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). "Federal courts are not forums in which to relitigate state trials." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983).

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996) ("AEDPA") amended the habeas statute, 28 U.S.C. § 2254, and applies to all habeas cases filed after April 25, 1996. The petition in this case was filed after this date, therefore, the amendments to 28 U.S.C. § 2254 are applicable to this petition. *See Walker v. Smith*, 360 F.3d 561, 563 (6th Cir. 2004).

"The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas

4

court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 403-404 (2000)). The habeas statute provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Following the modifications set forth by the AEDPA, the Sixth Circuit explained, a state court decision may only be overturned if:

> 1. It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' or; 2. the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or 3. 'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or 4. the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

*Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001) (internal citations omitted); *see also Williams v. Taylor*, 529 U.S. 362, 406-409; 412-13 (2000).

In performing analysis of a state court decision pursuant to 28 U.S.C. §2554(d), the first requirement is that state courts be tested only against "clearly established Federal law, as determined by the Supreme Court of the United States." In order to be clearly established law, the law relied on

5

by the petitioner must be law that was clearly established at the time the state court decision became final, not afterward. *Williams*, 529 U.S. at 380. The federal court is also limited to law "as determined by the Supreme Court" only and is, therefore, unable to rely on court of appeals jurisprudence. *Id.* at 381-82.

Second, the Court must determine whether the state court decision was "contrary to, or involved an unreasonable application of" clearly established law. *Id.* at 384. In order to find a state court's application of Supreme Court precedent unreasonable under 28 U.S.C. § 2554, the state court's decision must have been objectively unreasonable. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003); *Williams*, 529 U.S. at 409 (explaining, "[s]tated simply, a federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable"). An unreasonable application of federal law is distinct and different from an incorrect application of federal law. *Id.* at 410; *see also Macias v. Makowski*, 291 F.3d 447, 545 (6th Cir. 2002) (holding "the relevant question is not whether the state court's decision was wrong, but whether it was an unreasonable application of clearly established federal law"). Therefore, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411.

The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The applicant, or petitioner, bears the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.*; *see also Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003) (holding "[u]nder AEDPA, primary or

6

historical facts found by state courts are presumed correct and are rebuttable only by clear and convincing evidence" (internal quotation marks omitted)). The findings of state appellate courts are also accorded the presumption of correctness. *Sumner v. Mata*, 449 U.S. 539, 546 (1981) (holding "[s]ection 2254(d) . . . makes no distinction between the factual determinations of a state trial court and those of a state appellate court").

## DISCUSSION

Petitioner sets forth two grounds for his petition for habeas relief. First, Petitioner claims he is entitled to habeas relief because his guilty plea was involuntary and unknowing and is therefore invalid. Second, Petitioner alleges the prosecutor breached the plea agreement, thus voiding his guilty plea. Petitioner maintains that the determination by the Kentucky state courts that his plea was knowing and voluntary was based on an unreasonable determination of the facts in light of the evidence presented in state court and the state courts' decision was contrary to clearly established law. Respondent asserts the state courts' determinations were based on a reasonable determination of the facts in light of the state court record and were not contrary to clearly established federal law.

The Supreme Court in *Tollett v. Henderson*, stated that "after a criminal defendant pleads guilty, on the advice of counsel . . . [h]e may only attack the voluntary and intelligent character of the guilty plead by showing that the advice he received from counsel was" ineffective. 411 U.S. 258, 267 (1973). The Court explained, "[t]he focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea. . . . When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* Therefore, a valid guilty plea is a waiver of all non jurisdictional defects or

7

errors. *See Flowers v. U.S.*, 208 F.3d 213 (6th Cir. 2000) (holding a guilty plea made on the advice of competent counsel waives any non-jurisdictional constitutional claims); *Couch v. U.S.*, 791 F.2d 931 (1986); *Kawalak v. U.S.*, 645 F.2d 534, 537 (6th Cir. 1981). However, this waiver may be found only if the plea was voluntary and intelligent. *Key v. Carlton*, 959 F.2d 234 (6th Cir. 1992). Therefore, Petitioner may only challenge the nature of his plea and the effectiveness of his counsel. The test for ineffective assistance of counsel is set forth in *Strickland v. Washington*. 466 U.S. 668 (1984). Petitioner has not set forth ineffective assistance of counsel as a ground for relief in his habeas petition, but has challenged the nature of his plea as voluntary on the basis that he did not understand the plea and that it was induced by an undisclosed promise that was breached.

**I. Guilty Plea**

The requirements for a valid guilty plea are clearly established law as determined by the Supreme Court. It is well-settled that a guilty plea must be entered knowingly, intelligently, and voluntarily, without coercion, in order to be considered valid. *See Bousley v. U.S.*, 523 U.S. 614, 618 (1998); *Brady v. U.S.*, 397 U.S. 742, 747 (1970); *Boykin v. Alabama*, 395 U.S. 238 (1969); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). The Supreme Court in *Boykin v. Alabama*, set forth the requirement that the waiver of rights by guilty plea must be clear on the record: the record must clearly disclose that the defendant voluntarily and understandingly entered his plea of guilty. 395 U.S. at 243-44.

When a petitioner challenges the validity of the guilty plea in a federal habeas proceeding, the respondent bears the duty to demonstrate that the guilty plea was entered knowingly, intelligently, and voluntarily. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). The respondent "generally satisfies its burden by producing a transcript of the state court proceeding."

8

*Id.* As stated previously, "[t]he factual findings of a state court that the plea was proper generally are accorded a presumption of correctness. However, when the transcript is inadequate to show that a plea was voluntary and intelligent, the presumption of correctness no longer applies." *Id.* at 327. The court must analyze the totality of the circumstances in determining whether the plea was made knowingly, intelligently, and voluntarily. *Id.* The circumstances must show the defendant was fully aware of the consequences and there were no threats, misrepresentations, or promises that are improper. *Brady*, 397 U.S. at 755.

In this case, two state courts, the trial court and the Kentucky Court of Appeals, found the plea was entered knowingly, intelligently, and voluntarily. The trial court found the plea voluntary when it was entered into as evidenced by the final judgment and the trial court again found the plea voluntary when it ruled on Petitioner's CR 11.42 and CR 60.02 motions. The question whether a guilty plea is entered voluntarily is a factual question and the determination of the state courts previously in this case are accorded a presumption of correctness. The Court finds that the record is adequate to show the plea was voluntary, thus the presumption of correctness is not destroyed. The record indicates the decisions of the state courts were based on a reasonable determination of the facts in light of the evidence in state court and the decisions were not contrary to clearly established federal law.

The state court record demonstrates that Petitioner's plea was entered knowingly, intelligently, and voluntarily. The record states that on April 2, 2008, Petitioner filed and signed a Motion to Enter Guilty Plea. This motion contained a list of Petitioner's Constitutional rights, including the right to plead "Not Guilty." Petitioner acknowledged by signing the motion that he was giving up these rights.

9

Also by signing this motion, Petitioner held out to the Court that "no one, including my attorney, has promised me any other benefit in return for my guilty plea nor has anyone forced or threatened me to plead 'GUILTY.'" Petitioner also noted that he was pleading guilty "in reliance on the attached 'Commonwealth's Offer on a Plea of Guilty'" which made no mention of Petitioner being transferred.

Finally, Petitioner declared "my plea of 'GUILTY' is freely, knowingly, intelligently and voluntarily made; that I have been represented by counsel; that my attorney has fully explained my constitutional rights to me, as well as the charges against me and any defense to them; and that I understand the nature of this proceeding and all matters contained in this document."

The Judgement and Sentence on Plea of Guilty entered by the Graves Circuit Court states that "[f]inding that the defendant understands the nature of the charges against him/her, including the possible penalties, that the defendant knowingly and voluntarily waives his/her right to plead innocent, . . . and finding that the plea is voluntary, the Court accepted the plea." The circuit court stated that on April 22, 2008, Petitioner appeared in open court with counsel "and the Court inquired of the defendant and counsel whether they had any legal cause to show why judgment should not be pronounced." Thereafter, the judgment was entered.

Petitioner argues the state court misapplied the standard set forth in *Boykin v. Alabama,* 395 U.S. 238 (1969)*,* when it accepted his guilty plea without inquiry into his prior allegations of sexual abuse which had been made known to the Court. Petitioner argues these allegations of sexual abuse are part of the totality of the circumstances that should have been examined in determining the validity of his guilty plea.

Upon habeas review, this Court must only determine whether or not the decision of the state

court applied clearly established law reasonably; not whether it was incorrect, erroneous, or if this Court might apply it a different way. *See Macias*, 291 F.3d at 545. The state court reasonably applied the law clearly established by the Supreme Court in *Boykin* and subsequent case law in finding Petitioner's plea was entered knowingly, intelligently, and voluntarily. The state court record clearly reflects that Petitioner signed the Motion to Enter Guilty Plea acknowledging that he had not been forced or threatened to enter such plea. In the same document he acknowledge he fully understood his constitutional rights, the charges against him, and the consequences of entering a guilty plea. The state court considered the totality of the circumstances, including Petitioner's acknowledgment that he had not been threatened. Its determination was reasonable in light of the facts before the court and the state court reasonably applied the clearly established law. This ground for habeas relief is dismissed.

**II. Breach of Agreement**

Petitioner further asserts he was induced to plea guilty by a promise from his attorney that he would be transferred to another location if he plead guilty. The Court must again look to Supreme Court precedent. In *Blackledge v. Allison*, the Court held that while a plea of guilty may later be challenged, "the representations of the defendant, his lawyer, and the prosecutor at . . . a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent" challenge. 431 U.S. 63, 73-74 (1977). The Court went on, "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* at 74 (citing *Machibroda v. U.S.*, 360 U.S. 487, 495-96 (1962); *Price v. Johnson*, 334 U.S. 266, 286-87 (1948)). In *Blackledge*, Allison alleged

11

his plea was induced by an unkept promise. *Id.* at 75. Allison was able to elaborate on this claim to provide the terms of the promise, including: when, where and by whom the promise had been made, and the identity of a witness to the communication. *Id.* at 76.

In the case of *Blackledge v. Allison*, however, the procedure for plea bargaining had not been modified in light of Supreme Court precedent and the questions asked by the trial judge "nowhere indicated to Allison that plea bargaining was a legitimate practice that could be freely disclosed in open court. Neither lawyer was asked to disclose any agreement that had been reached, or sentencing recommendation that had been promised." *Id.* at 77. The Court went on to explain, that "[a]lthough '(l)ogically the general inquiry [prior to entry of a plea] should elicit information about plea bargaining, . . . it seldom has in the past.' Particularly if, as Allison alleged, he was advised by counsel to conceal any plea bargain, his denial that any promises had been made might have been a courtroom ritual more sham than real." *Id.* at 77-78.

*Blackledge* is somewhat distinguishable from the case at bar. Since the time Allision was arraigned, the Supreme Court has made clear the procedure for accepting plea agreements. In *Santobello v. New York*, the Supreme Court declared that plea bargaining was an essential component of the criminal process to be encouraged when properly administered. 404 U.S. 257, 260 (1971). The Court also stated that the "plea must, of course, be voluntary and knowing and if it was induced by promises, the essence of those promises must in some way be made known." *Id.* at 262.

Here, the Commonwealth's Offer on a Plea of Guilty was incorporated into the Motion to Enter Guilty Plea making any promises offered by the prosecutor known to the Court. The record establishes Petitioner was well aware he was entering a plea bargain and made clear to the state court no other promises were inducing him to enter a plea of guilty. This is evidence that

Petitioner's denial that any other promises had been made was real, rather than a mere sham courtroom ritual as in *Blackledge*. However, similarly to the facts in *Blackledge*, Petitioner states in his affidavit: "I talked to my lawyer on the phone in April 2008 and he told me that the prosecutor agreed to transfer me to another prison in exchange for 2yrs [sic], but told me I couldn't tell the judge or make a scene."

The Supreme Court in *Machibroda v. U.S.*, the Court stated "[a] guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack." 360 U.S. 487, 493 (1962). In *Machibroada*, the petitioner provided detailed factual allegations that on three separate occasions the prosecutor had promised the petitioner he would receive a lesser sentence if he plead guilty. *Id.* at 489. The prosecutor told the petitioner not to tell his own lawyer or the court about the promise, otherwise other charges would be raised. *Id.* at 489-90. The Court explained "[t]here can be no doubt that, if the allegations contained in the petitioner's motion and affidavit are true, he is entitled to have his sentence vacated." *Id.* at 493. The Court found that a hearing was necessary to determine if these promises had been made because the allegations "related primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light." *Id.* at 494. The Court explained, however, that its ruling

> is not to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense. Indeed, the statute itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner.

*Id.* at 495.

The Court finds that in this case, as in *Machibroda*, "if the allegations contained in the petitioner's motion and affidavit are true, he is entitled to have his sentence vacated": it is well established a plea induced by promises or threats which deprive it of its voluntary character is void. 360 U.S. at 493. Petitioner's affidavit contains allegations which are sufficiently specific to warrant a hearing to determine whether the allegations took place and thus void the plea of guilty. Specifically, Petitioner alleges his attorney called him in April of 2008 and told Petitioner he would be transferred to another prison in exchange for a guilty plea and two years in prison. The Court finds dismissal of Petitioner's claim that his plea of guilty was void based on breach of the plea agreement is improper at this time.

**III. Evidentiary Hearing**

Additionally, the Court finds an evidentiary hearing is required as to this issue. Section 2254(e)(2) provides the district court should not hold an evidentiary hearing "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings." "[A] failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000). It appears from the state court record there was no lack of diligence attributable to the prisoner as to the grounds he has raised to this Court. Petitioner filed both a RCr 11.42 motion and a RCr 60.02 motion at the state court level. Petitioner also moved for an evidentiary hearing within his RCr 60.02 motion which was denied by the state court. Therefore, the Court, at its discretion, may allow an evidentiary hearing. *Shriro v. Landrigan*, 550 U.S. 465 (2007) (holding when not barred from holding a hearing, the court has discretion whether or not to hold a hearing).

An evidentiary hearing is required when

14

> (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

*Townsend v. Sain*, 372 U.S. 293, 313 (1963) *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). In other words, when the facts are in dispute and the petitioner did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding, an evidentiary hearing is required. *Id.* The state court record reflects that the issue of whether or not the plea was given knowing and intelligently was addressed through motion practice, i.e., Petitioner's RCr 11.42 and RCr 60.02 motions. The state circuit court held that Petitioner voluntarily entered his plea, stated no other promises had induced his plea, and his counsel was effective. However, no evidentiary hearings were conducted regarding these motions or the existence of the promise which allegedly induced Petitioner's guilty plea; in fact, Petitioner's motion for an evidentiary hearing in his RCr 60.02 motion was expressly denied by the state circuit court. Therefore, an evidentiary hearing is required as to this issue.

### IV. Appointment of Counsel

Petitioner also moves this Court to appoint counsel. Rule 8 of the Federal Rules Governing Section 2254 Cases in the United States District Courts, states that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S. C. § 3006A." The statute provides that a financially eligible person seeking relief under 28 U.S.C. § 2254 may only be appointed counsel if "the court determines that the interests of justice so require." Therefore, "[t]he decision to appoint counsel for a federal habeas

15

petitioner is within the discretion of the court and is required only where the interest of justice or due process so require." *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004) (citing *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986)). However, "[a]ppointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required." *Id.* (citing *Swazo v. Wyoming Dep't of Corrections*, 23 F.3d 332, 333 (10th Cir. 1994)). As this Court has determined that an evidentiary hearing is required, and has previously found Petitioner financially eligible, this Court must now also appoint counsel.

## CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss is GRANTED in part and DENIED in part. Petitioner's Motion to Appoint Counsel is GRANTED and Petitioner's Motion for a Hearing is GRANTED. An appropriate order shall issue.