# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO.: 5:09-CV-00172-TBR

**TIMOTHY D. ROUSE, JR.**                                                         **PETITIONER**

**v.**

**ALAN BROWN, Acting Warden**                                            **RESPONDENT**

## MEMORANDUM OPINION

This matter is before the Court as the result of the Court's prior ruling on Respondent's motion to dismiss the habeas petition. This Court granted in part and denied in part Respondent's motion to dismiss. In that order, the Court also granted Petitioner's motion for an evidentiary hearing regarding the one remaining ground for his petition and appointed counsel. The evidentiary hearing was had on April 9, 2010.

For the following reasons, the Respondent's motion to dismiss is GRANTED in its entirety.

## BACKGROUND

Petitioner was indicted on August 24, 2007, by a Graves County Grand Jury for second-degree forgery. Petitioner plead not guilty to the charge. Petitioner alleges while he was awaiting trial and incarcerated at the Kentucky State Penitentiary he was being sexually abused by prison guards. He states that after several complaints to the warden and local authorities he was told by prison officials the only way he could transfer away from the abuse was by obtaining a disposition of the pending case. Petitioner states he filed a motion to transfer to another institution which was overruled by the circuit court due to the competency issues raised by Petitioner previously.

Petitioner alleges his attorney advised him over the phone that the Commonwealth agreed to recommend a sentence of two years and facilitate his transfer to another prison if he plead guilty. Petitioner also alleges the attorney advised him that if he told the judge about the offer the

Commonwealth would withdraw the offer.

Petitioner changed his not guilty plea on April 7, 2008, and entered a plea of guilty to the charge contained in the indictment. A Motion to Enter Guilty Plea was filed by the Petitioner and signed by both Petitioner and his trial counsel in open court. The Commonwealth's Offer on a Plea of Guilty was attached and set forth that Petitioner would be pleading guilty to second degree forgery and that the Commonwealth would recommend a two year sentence on the charge. No mention was made of Petitioner being transferred to another institution as a condition of the plea.

In the Motion to Enter Guilty Plea, Petitioner acknowledged he was not under the influence of any drugs, alcohol or medication. He also stated he had an opportunity to discuss the case with his attorney and the he thought his attorney was fully informed about his case. Petitioner acknowledged he had fully discussed the charges and possible defenses to them with his attorney and he understood them. Petitioner's constitutional rights were also set forth in the motion and Petitioner noted he understood he was waiving these rights.

In the motion, Petitioner also stated "no one, including my attorney, has promised me any other benefit in return for my guilty plea nor has anyone forced or threatened me to plead 'GUILTY.'"

Additionally, Petitioner's trial counsel indicated in the motion that he was satisfied petitioner was entering his guilty plea knowingly and voluntarily. Counsel also set forth that he had "fully discussed with the Defendant the charges and any possible defenses to them" and he believed that Petitioner fully understood the charges and possible defenses.

Petitioner filed a motion to withdraw his guilty plea pursuant to Ky. RCr 8.10 on April 17,

2008. Petitioner contended he was being sexually abused by prison officials and that he had only plead guilty to obtain relocation to a different prison. Petitioner also contended he did not fully understand his plea agreement due to his counsel's ineffective assistance and he desired hybrid representation for the remainder of the case. However, at the sentencing hearing on April 22, 2008, Petitioner made a pro se motion to withdraw his Ky. RCr 8.10 motion. The circuit court granted this motion and, pursuant to the plea agreement, Petitioner was sentenced to two years imprisonment. Petitioner states that at the April 22, 2008, sentencing the prison guards who sexually abused him were present. Petitioner alleges he feared his life was in even more danger if he stated in open court that he was being abused by the officers who were present and for that reason he withdrew his motion to withdraw his guilty plea resulting in a two year sentence being imposed.

Petitioner thereafter filed a motion to vacate his sentence pursuant to Ky. RCr 11.42. Petitioner again argued his plea was involuntary because it was induced by his fear of being sexually assaulted by prison guards. The circuit court summarized Petitioner's claims stating:

> The current motions before the Court, as stated by the state court, essentially claim that Defendant did not willingly, freely, and voluntarily enter his plea, for he was being sexually abused at the prison, and he pled guilty so that he could transfer elsewhere. [Defendant] states further that his counsel would not advise him, that his counsel advised him that the sentence in this action would run concurrently, and that his counsel was ineffective. The Defendant also states that he wanted hybrid representation, and that he was incompetent to stand trial.

The circuit court found these claims lacked merit.

Petitioner also filed a motion to alter, amend or vacate his sentence pursuant to Ky. RCr 60.02. Petitioner raised the same issues as in his Ky. RCr 11.42 motion. The circuit court denied Petitioner's Ky. RCr 60.02 motion as well.

Petitioner appealed the denial of his Ky. RCr 11.42 motion to the Kentucky Court of

3

Appeals. The court of appeals affirmed the circuit court's order denying the motion.

Petitioner filed the present petition for habeas relief on September 24, 2009. Respondent moved this Court to dismiss Petitioner's petition. This Court granted Respondent's motion and dismissed Petitioner's claim that his guilty plea was involuntary and unknowing and therefore invalid. The Court, however, denied the motion to dismiss Petitioner's claim that the prosecutor breached the plea agreement, thus voiding his guilty plea. The Court granted Petitioner's motion for an evidentiary hearing regarding this issue and appointed counsel. A hearing was had in this matter on April 9, 2010.

## DISCUSSION

The Court held an evidentiary hearing on Petitioner's claim that he had been promised by the prosecutor and his attorney that if he pled guilty he would be transferred to another prison. Petitioner alleges that the prison guards at his prison were sexually abusing him and he pled guilty based on this promise of transfer. Petitioner further alleges that he was told by both the prosecutor and his attorney that if he mentioned the promise of transfer to the judge the plea deal would be revoked. Petitioner states that he was never transferred from the prison where he was allegedly abused.

The Supreme Court in *Machibroda v. U.S.*, the Court stated "[a] guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack." 360 U.S. 487, 493 (1962). In *Machibroada*, the petitioner provided detailed factual allegations that on three separate occasions the prosecutor had promised the petitioner he would receive a lesser sentence if he plead guilty. *Id.* at 489. The prosecutor told the petitioner not to tell his own lawyer or the court about the promise, otherwise

4

other charges would be raised. *Id.* at 489-90. The Court explained "[t]here can be no doubt that, if the allegations contained in the petitioner's motion and affidavit are true, he is entitled to have his sentence vacated." *Id.* at 493.

At the evidentiary hearing, Richard Kemp, Assistant Commonwealth Attorney for Graves County, testified that he was the prosecutor who signed the Commonwealth's Offer of Plea on April 7, 2008. Kemp testified that he did not recall any negotiations with Petitioner's attorney, Casey Naber, nor did he recall the change of plea hearing on April 7, 2008. Kemp also testified that he did not recall being approached about transferring Petitioner and in his three years of experience as a prosecutor he had never offered transfer as a recommendation on a plea agreement. Kemp explained that attorneys have no control over where individuals serve their time. He also testified that the recommendations section of the Commonwealth's Offer of Plea contained all of the promises made to a defendant. Kemp stated that if the promise was not stated in this document it was not made to the defendant.

Casey Naber, Petitioner's counsel at the time of the initial case in state court, also testified. He stated that he did not recall transfer being offered or offering it to his client as a condition of the plea agreement. Naber also testified that in his experience as a public defender he had never known the prosecutor to offer transfer as a condition of a plea and he did not recall ever promising any client he would be transferred.

Petitioner also testified. Petitioner testified that his counsel called him on Thursday, April 3, 2008, and told him that the Commonwealth had offered a recommendation of two years and to transfer him to another prison if he pled guilty. Petitioner stated that again on April 7, 2008, the morning of the change of plea hearing, Kemp and Naber met him at the elevator in the courthouse.

They told him he would get two years and be transferred if he pled, but that he could not tell the judge about the transfer or the deal would be taken away. Petitioner explained that after his plea was entered on April 7, 2008, he was not transferred and he then filed his motion to withdraw his guilty plea.

The Court finds the testimony of Kemp and Naber credible. Both noted that in their experience, not just in this case, transferring was not offered by the prosecution as a condition for a plea agreement. Petitioner failed to establish there was a promise made that was not on the record before the state court. As there is not sufficient evidence the prosecution breached the plea deal, or the plea was made on the basis of promises not before the court, the Court finds the guilty plea valid. Petitioner's remaining ground for habeas relief is dismissed.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss is GRANTED in its entirety. An appropriate order shall issue.